UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-40100 |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| WALLACE TANG; and BLUE SKY ENGINEERING, INCORPORATED, | |
| Defendants. | |

Defendant Wallace Tang (individually) and Defendant Blue Sky Engineering, Incorporated, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendants' attorney. The Agreement is as follows:

**A.     ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendants agree that they have been fully advised of the statutory and constitutional rights herein, and that they have been informed of the charges and allegations against each of them and the penalties therefor, and that each understand the same. The Defendants further agree that each of them understand that by entering a plea of guilty as set forth

hereafter, each of them will be waiving certain statutory and constitutional rights to which they are otherwise entitled.

**B.     PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendants agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which authorizes the United States to agree that it will recommend, or agree not to oppose, the Defendants' request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendants may not withdraw their pleas of guilty if the Court rejects the agreements or recommendations.

**C.     PLEA OF GUILTY TO CHARGES – WAIVER OF INDICTMENT:**

Defendant Wallace Tang, individually, will waive Indictment in this case and plead guilty to Count 2 of an Information charging him with Wire Fraud, in violation of 18 U.S.C. § 1343.

Corporate-Defendant Blue Sky Engineering, by and through Defendant Wallace Tang as executive corporate principal and officer, will waive Indictment in this case and plead guilty to Count 1 of an Information charging the corporation with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.

Each charge carries the maximum penalties of 20 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years. If Defendant Wallace Tang is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. For each charge, there is also a $100 assessment to the victims' assistance fund.

**D.     VIOLATION OF TERMS AND CONDITIONS:** The Defendants acknowledge and understand that if Defendant Wallace Tang violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendants will face the following consequences:

(1)     All testimony and other information the Defendants have provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against each of them in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendants, and to use any information obtained directly or indirectly from each defendant in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

**E.     ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, Defendant Wallace

[3]

Tang is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates he has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendants otherwise reserve the right to present evidence and make argument regarding sentencing.

Timely Acceptance of Responsibility: The United States agrees that Defendant Wallace Tang has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and Defendant Wallace Tang qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**F. RECOMMENDATION REGARDING SENTENCE – PROBATION AND RESTITUTION:** With respect to sentencing, the United States agrees that it will recommend that the Court place Defendant Wallace Tang on probation for such period and upon such terms and conditions as the Court deems best. The

[4]

United States and Defendants Wallace Tang and Blue Sky will also recommend that the Court order Defendants Tang and Blue Sky, jointly and severally amongst the associated defendants, to make restitution for losses occasioned to National Science Foundation ("NSF"), the National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE") incurred on account of the conspiracy and frauds set forth in the Information and Statement of Factual Basis filed in this case. The United States reserves the right to present evidence and arguments in support of its position or to rebut or clarify matters raised by the Defendants in mitigation of the sentence, except as otherwise set forth in Paragraph B above. The Defendants understands that they may not withdraw each respective plea of guilty if the Court rejects any recommendation.

**G.   ROLE IN THE OFFENSE – ORGANIZER OR LEADER:** Defendant Wallace Tang and the United States agree that based upon Defendant Tang's role in the offense, he is an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive pursuant to U.S.S.G. § 3B1.1(a), requiring an increase of his offense level by four levels.

**H.   SPECIAL ASSESSMENT:** The Defendants agree to remit to the U.S. Clerk of Court, 400 South Phillips Avenue, Sioux Falls, South Dakota 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $300, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**I.   RESTITUTION – AGREEMENT TO PAY:** The Defendants hereby agree to make restitution to the National Science Foundation ("NSF"), the

[5]

National Aeronautics and Space Administration ("NASA"), and the Department of Energy ("DOE") at or before the plea hearings in the amount of $1,084,418.60, joint and several between the defendants associated with conduct set forth in the Information and this Plea Agreement, pursuant to 18 U.S.C. §§ 3663 and 3663A.

**J.    MONETARY OBLIGATIONS – DEFENDANTS' ONGOING DUTY:** If the Defendants do not have sufficient financial resources to immediately satisfy the financial obligations imposed upon them at sentencing, the Defendants agree, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, and an executed Financial Statement. The Defendants understand that this is an ongoing duty which continues until such time as payment is remitted in full. The Defendants also may be required to furnish the requested information, as well as current earnings statements and copies of W-2s, even if the request is made after the sentencing proceedings.

The Defendants agree to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

Defendant Wallace Tang also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. Defendant Tang's agreement to participate in the Inmate

Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendants agree that payment of any financial obligations ordered by the Court shall be a condition of probation.

**K.     RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendants in mitigation of any recommended sentence, with evidence and argument, except as otherwise set forth in Paragraph B above.

**L.     PACKAGE PLEA AGREEMENT:** The Defendants acknowledge and understand that the plea offer made to each of them here by the United States is a "package offer"; that is:

1.     The Defendants understand that the offer made to each of them is conditional on Black Hills Nanosystems Corporation, Laserlith Corporation, and Blue Sky Engineering, Incorporated, pleading guilty according to the terms of each party's respective plea offers; this offer is further conditional on Sine Chao and Gina Kim abiding by the terms of any agreement with the United States and paying in full restitution owed to the United States. The Defendants understand that if any or all of the above-named Defendants decline, refuse, or fail to plead guilty according to their respective offers, then, at the option of the United States, the Defendants will not be allowed to enter pleas of guilty to the offer made by the United States.

[7]

2.     Recognizing that this is a package offer, the Defendants also confirm that they, by and through Wallace Tang, have not been threatened or coerced by any other person, including any of the co-defendants or above-named individuals, and enters this agreement of his own volition.

3.     The Defendants understand that if the United States fails to abide by the terms of any of the above-named Defendants' plea agreements, the Defendants may be allowed to withdraw their pleas.

4.     The Defendants also understand that if the Defendants fails to abide by the terms of this plea agreement or if any or all of the above-named Defendants or individuals fail to abide by the terms of their respective agreements, the United States may, at its sole discretion, withdraw from this plea agreement and the above-named Defendants' and individuals' agreements, individually or collectively, and proceed as if no agreements had been reached in this case.

**M.     BASIS FOR PLEA OF GUILTY:** The Defendants agree that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for each named Defendant's guilty plea in this case, and is a true and accurate statement of their actions or omissions with regard to the charges to which each named Defendant is entering a plea, and that the Court may rely thereon in determining the basis for each plea of guilty as provided for in this Plea Agreement.

**N.     NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of Defendant Wallace Tang and

[8]

Defendant Blue Sky Engineering, Inc., in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendants' involvement with the offenses charged in the Information.

**O.     WAIVER OF SPEEDY TRIAL:** The Defendants agree to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**P.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**Q.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**R.     WAIVER OF DEFENSES AND APPEAL RIGHTS:** Each of the named Defendants hereby waive all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is each named Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

8/13/18
Date

RONALD A. PARSONS, JR.
United States Attorney

Jeremy R. Jehangiri
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: Jeremy.Jehangiri@usdoj.gov

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

8-8-18
Date

Wallace Tang, individually and as executive corporate principal and officer for Blue Sky Engineering, Inc.
Defendants

August 10, 2018
Date

Thomas F. Carlucci
Attorney for Defendants

[10]